UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CANDY BISHAW,

    Plaintiff,

v.

                                    Hon. Janet T. Neff

COMMISSIONER OF SOCIAL SECURITY,      Case No. 1:18-cv-1370

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See*

*Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff filed applications for DIB and SSI on February 11, 2016, alleging that she had been disabled since October 21, 2015. (PageID.193–208.) Plaintiff was 48 years old at time of the alleged onset date. (PageID.241.) Plaintiff had completed the ninth grade and had previous work as a waitress and a rental property manager. (PageID.229, 241.) Plaintiff's application was

denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.128.)

On March 15, 2018, ALJ Christopher Mattia conducted a hearing and received testimony from Plaintiff and a vocational expert. (PageID.60–85.) On June 20, 2018, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled within the meaning of the Act. (PageID.44–55.) The Appeals Council denied Plaintiff's request for review on October 23, 2018, rendering it the Commissioner's final decision in the matter. (PageID.30–33.) Plaintiff initiated this civil action for judicial review on December 11, 2018.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) degenerative disc disease of the lumbar thoracic spine; (2) scoliosis in the lumbar and thoracic spine; (3) chronic obstructive pulmonary disease; and (4) headaches, severe impairments that whether considered alone or in combination with other impairments, failed to meet or equal the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.47-48.)

With respect to Plaintiff's residual functional capacity (RFC), the ALJ determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), subject to the following limitations: (1) she could lift/carry 20 pounds occasionally and 10 pounds frequently; (2) she could stand or walk for six hours in an eight-hour workday; (3) she could sit for six hours in an eight-hour workday, with an option to alternate between sitting and standing after 20 minutes while remaining on task; (4) she could push or pull within the aforementioned weight restrictions; (5) she could occasionally climb, balance, stoop, kneel,

4

crouch, or crawl; and (6) she could occasionally have exposure to extreme cold, or atmospheric conditions such as dusts, noxious odors, fumes, or other respiratory irritants. (PageID.48.)

The ALJ found that a person with Plaintiff's RFC could perform Plaintiff's past work as a rental manager. Therefore, Plaintiff could perform her past relevant work in that position. (PageID.53.) The ALJ further found, in the alternative, that based on testimony from the vocational expert, there existed approximately 140,400 jobs in the national economy that an individual with Plaintiff's RFC could perform. (PageID.54.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## ISSUE

Plaintiff's single claim of error by the ALJ is that his step three finding that Plaintiff did not have an impairment or impairments that medically equaled Listing 14.09(c)(2) was not supported by substantial evidence. The ALJ considered this Listing and several others and concluded that none of the requirements for those Listings were met.[2] As to Listing 14.09, the ALJ noted:

> The claimant's representative argued at the hearing that the claimant meets the criteria for listing 14.09C2 because of a spinal curve measuring 39-degrees, with 22- to 26-degrees at other levels, causing a leg length discrepancy and headaches. However, listing 14.09 pertains to ankylosing spondylitis or other spondyloarthropathies as comorbidities of inflammatory arthritis. The medical evidence of record does not include a diagnosis of inflammatory or rheumatoid

---

[2] Because Plaintiff fails to present any argument relating to the other Listings, any such argument is deemed waived. *See Tice v. Comm'r of Soc. Sec.*, No. 5:17CV2339, 2018 WL 6169392, at *1 (N.D. Ohio Nov. 26, 2018) (deeming waived arguments not raised concerning specific Listings). Although Plaintiff also mentions Listing 1.04 in her brief, she does so in a cursory fashion without any meaningful argument. Accordingly, any argument relating to this Listing is also deemed waived. *See United States v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007) ("We require parties to develop their arguments in a non-perfunctory manner at the risk of having them deemed waived.").

5

>arthritis or ankylosis at 30-degrees or more of flexion with involvement of two or more organs/body systems to at least a moderate level of severity.

(PageID.48.)

At step three of the disability evaluation process, the Commissioner must consider whether a claimant's impairments meet or medically equal any of the relevant listing requirements of 20 C.F.R. Part 404, Subpart P, App. 1, 20 C.F.R. § 404.1520(a). An impairment that meets only some of the requirements of a listing does not qualify, regardless of its severity. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Conversely, a claimant who meets the requirements of a listed impairment will be deemed conclusively disabled and entitled to benefits. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). A claimant can provide evidence of medical equivalence to a listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531 (italics in original).

SSR 17-2p, adopted March 27, 2017, provides the analytical process for step three determinations.[3] SSR 17-2p, 2017 WL 3928306 (Mar. 27, 2017). The Ruling replaced SSR 96-6p, which required an ALJ to obtain a medical opinion on equivalence. *See Thomas v. Comm'r of Soc. Sec.*, No. 12-14758, 2014 WL 688198, at *8-9 (E.D. Mich. Feb. 21, 2014). Under SSR 17-2p, an ALJ is not required to obtain a medical expert's opinion on equivalence if the ALJ believes that the "evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment." 2017 WL 3928306, at *4 (SSA Mar. 27, 2017); *see Mitchell v. Comm'r of Soc. Sec.*, No. 1:18-cv-808, 2019 WL 2125540, at *3 (W.D. Mich. Apr. 19, 2019) ("In SSR 17-2p, the Social Security Administration clarified that an ALJ is not required to obtain

---

[3] The parties agree that SSR 17-2p applies to the ALJ's June 20, 2018 decision.

a medical expert's opinion before making a finding that an individual's impairments do not equal a listing impairment."). In addition, if the ALJ believes that the preponderance of the evidence in the record does not support an equivalence finding, the ALJ "is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment." 2017 WL 3928306, at *4. Rather, "a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." *Id.* Finally, the ALJ's "articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide [a] rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." *Id.*

To the extent Plaintiff argues that the ALJ's step three finding was deficient, the argument lacks merit because, pursuant to SSR 17-2p, the ALJ was not required to obtain a medical opinion before concluding that Plaintiff's impairments did not meet or equal Listing 14.09, and his decision complied with SSR 17-2p's articulation requirements.

As for the ALJ's finding itself, Plaintiff points to nothing in the record that shows the ALJ erred in concluding that the record lacked evidence of inflammatory or rheumatoid arthritis or ankylosis at 30-degrees or more of flexion with involvement of two or more organs/body systems to at least a moderate level of severity. Plaintiff's reliance on a March 21, 2017 lumbar spine x-ray that revealed curvature of the spine due to scoliosis does nothing to undermine the ALJ's finding because it does not reveal "ankylosing spondylitis or other spondyloarthropathies" as required by Listing 14.09. In contrast, the ALJ cited a May 20, 2016 consultative physical examination summary that reported generally unremarkable physical examination findings and a May 20, 2016 x-ray that revealed no evidence of acute fracture, dislocation, or spondylolysis to

support his findings.  (PageID.49, 327, 330.)  In short, Plaintiff fails to satisfy her burden of showing that her impairments met or equaled Listing 14.09(C)(2).

Thus, the Commissioner's decision was in accordance with applicable law and supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within that time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: January 27, 2020                     /s/ Sally J. Berens
                                            SALLY J. BERENS
                                            U.S. Magistrate Judge